JOHN H. ASPELIN, ESQ. (S.B. #56477)
ASPELIN & BRIDGMAN, LLP
220 Montgomery Street, Suite 1009
San Francisco, CA 94104
tel.     415 296 9812
fax     415 296 9814
Attorneys for Plaintiff
CATHE GUERRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHE GUERRA, | ) |
| | ) Case No. C-07-5044CW |
| Plaintiff, | ) |
| | ) FIRST AMENDED |
| vs. | ) COMPLAINT FOR ERISA VIOLATION |
| | ) |
| AT&T UMBRELLA PLAN NO. 1; and | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES INC. An Illinois Corportation. | ) |
| | ) |
| Defendants. | ) |
| | ) |

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. in which the court's jurisdiction is based upon 29 U.S.C. § 1132(e).

2. Plaintiff is a natural person currently residing in Dublin, California.

3. The defendant, AT&T UMBRELLA PLAN NO. 1 (hereinafter AT&T) is the name corporation doing business in the Northern California.

4. The defendant, Sedgwick Claims Management Services Inc, (hereinafter Sedgwick) is an Illinois Corporation and is the administrator of the disability plan which covers plaintiff.

5. Venue is proper pursuant to the provisions of 29 U.S.C. § 1132(e)(2).

1st AMENDED COMPLAINT ERISA VIOLATION          1

FIRST CAUSE OF ACTION
(Violation of ERISA)

6. Plaintiff incorporates herein by reference paragraphs 1 to 5, supra.

7. At all times herein relevant, Defendant AT&T was the disability plan which covers plaintiff for disability benefits as part of her employment.

8. Plaintiff was employed and continues to be employed by SBC Advanced Solutions, Inc.,(hereinafter "SBC") and its predecessors---as a Area Manager—Program Management. She has over 33 years of employment. During the time period February 10, 2006 to May 10, 2006, Plaintiff became disabled and unable to work.

9. There exists an expressed written policy agreement between Defendant AT&T and SBC employees regarding short term disability (hereinafter STD) which states:

> Each regular, term or temporary employee, full- or part-time, is eligible for short-term disability benefits on his/her first day of employment under the Plan. ...
>
> There is nothing you need to do to enroll in the Disability Income Plan. You automatically participate in the Plan on your first day of employment.
>
> ...
>
> You are eligible to receive STD benefits beginning on the eighth consecutive calendar day of an absence caused by an injury or illness. This means that to receive STD benefits, you must complete a seven-day waiting period of total and/or partial absence due to a disability.

10. The above-mentioned STD plan is applicable to Plaintiff.

11. Defendants' STD policy has been and continues to be an employee benefit plan established by an employer engaged in commerce or in any industry or activity affecting commence within the meaning of 29 U.S.C. § 1003(a)(1).

12. Plaintiff was employed by defendant SBC, which contracted with or otherwise created the STD plan with AT&T. AT&T is engaged in interstate commerce within the meaning of 29 U.S.C. §

1st AMENDED COMPLAINT ERISA VIOLATION   2

1003(a) and is responsible to Plaintiff pursuant to the STD portion of the plan.

13. At all times material herein, defendant Sedgwick has been the administrator of the STD plan.

14. Plaintiff has fully complied with all the conditions in order to receive STD benefits under the plan. Upon becoming disabled, Plaintiff timely requested payment of all benefits to which she was entitled in accordance with the above-mentioned STD plan.

15. Defendant, Sedgwick, individually and as agent for AT&T, subsequently informed plaintiff that she would not receive STD benefits during her period of disability.

16. The above-mentioned decision by Defendants, and each of them, which denied Plaintiff her rights and benefits due her under the above-mentioned STD plan was arbitrary, illegal, capricious, unreasonable, and not made in good faith and is a breach of Defendants' fiduciary duty which it owned to Plaintiff.

17. As a direct and proximate result of the actions of the Defendants, Plaintiff has been caused to incur attorney's fees and costs.

18. As a direct and proximate result of the actions of the Defendants, Plaintiff has sustained damages in an amount equaling $ 27,987.09, plus prejudgment interest.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Ordering Defendants to pay Plaintiff all benefits due under the STD plan.

2. Declaring all rights and benefits due Plaintiff are vested and non-forfeitable, or in the alterative, to award Plaintiff a money judgment for all sums due and owing.

3. Awarding Plaintiff pre-judgment interest from Plaintiff's commencement of disability until the date of the judgment.

4. Awarding Plaintiff attorney's fees, court costs, and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further relief as the court may deem proper.

1st AMENDED COMPLAINT ERISA VIOLATION        3

Respectfully submitted,

Dated: Jan. 22, 2007    ASPELIN & BRIDGMAN LLP

_____
John H. Aspelin, Esq.
Attorneys for Plaintiff,
CATHE GUERRA

1st AMENDED COMPLAINT ERISA VIOLATION    4