Michele Ballard Miller (SBN 104198)
Lisa C. Hamasaki (SBN 197628)
Katherine L. Kettler (SBN 231586)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants AT&T UMBRELLA BENEFIT PLAN NO. 1
and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
an Illinois Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CATHE GUERRA,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T UMBRELLA PLAN NO. 1; and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., An Illinois Corporation<br><br>    Defendants. | Case No.: C 07-5044 CW<br><br>**DEFENDANTS AT&T UMBRELLA BENEFIT PLAN NO. 1 AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed: October 1, 2007 |

Defendants AT&T UMBRELLA BENEFIT PLAN NO 1., and SEDGWICK CLAIMS MANAGEMENT SERVICES INC. (hereafter "Defendants") hereby answer Plaintiff CATHE GUERRA's Complaint (hereafter "Complaint") as follows:

Defendants generally deny each and every allegation in the Complaint, except those expressly admitted below.

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit that to the extent Plaintiff's allegations relate to benefits sought under the Employment Retirement and Income Security Act ("ERISA"), this Court has subject matter jurisdiction.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information regarding the location of Plaintiff's residence and on that basis, deny this assertion.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants denies this allegation because the proper name for the entity is AT&T Umbrella Benefit Plan, No. 1 (the "Umbrella Plan") and because the Umbrella Plan is not a corporation; it is a welfare benefits plan.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that Sedgwick Claims Management Service, Inc. ("Sedgwick") is an Illinois Corporation. Defendants deny each and every other allegation contained in Paragraph 4 because Sedgwick is not the administrator of the disability plan, which covers plaintiff; Sedgwick is and was the claims administrator.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit each allegation contained in Paragraph 5.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information and on that basis, deny this assertion.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit the allegations contained therein to the extent that the Umbrella Plan includes a program, the

AT&T Disability Income Program, of which plaintiff is a participant due to her employment with SBC Advanced Solutions, Inc. ("ASI").

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff was and continues to be employed by ASI as an Area Manager – Program Management.  Defendants further admit that Plaintiff has over 33 years of employment. Defendants deny each and every other allegation contained in Paragraph 8.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendants deny that "there exists an expressed written policy agreement between Defendant AT&T [Umbrella Plan], and SBC [ASI] employees regarding short term disability" because the Umbrella Plan is a welfare benefits plan of which ASI is a participating company.  Defendants admit the remaining allegation to the extent it accurately quotes text from the Summary Plan Description (SPD) of the applicable short term disability plan.

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendants admit the allegation to the extent it represents that the language quoted from the SPD quoted in Paragraph 9 is applicable to Plaintiff.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendants deny the statement "Defendants' STD policy" because the document at issue is a "STD *plan*" and not a "STD *policy*" and because the STD plan was not established by the Defendant Sedgwick. Defendants admit any and all remaining allegations contained in Paragraph 11.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that Plaintiff was and remains employed by ASI, although ASI is not a Defendant in this case. Defendants further admit that the Umbrella Plan is responsible to Plaintiff pursuant to the STD portion of the plan.  Defendants deny each and every remaining allegation contained in

3

Paragraph 12 because ASI did not contract or create the STD plan, and the Umbrella Plan is not engaged in interstate commerce.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein because Defendant Sedgwick was not that administrator of the STD plan; at all times Sedgwick is and was the claims administrator.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit the allegation that Defendant Sedgwick "subsequently informed plaintiff that she would not receive STD benefits." Defendants deny each and every remaining allegation contained therein because Sedgwick is not an agent of the Umbrella Plan and Defendants deny that Plaintiff had a "period of disability", as that term is defined under the Umbrella Plan.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants deny each and every remaining allegation contained in Paragraph 16.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information and on that basis deny the allegations contained in Paragraph 17.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

19. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

20. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

21. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

22. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

23. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Not Eligible for Benefits)

Plaintiff's claims are barred in that Plaintiff is not eligible for benefits under the terms and conditions of the applicable disability plan.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants' actions or statements were based upon good, sufficient, and legal cause, upon reasonable grounds for belief in their truth and justification, and were taken or said in good faith and without malice.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff, by her acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants allege that Plaintiff is barred from any relief by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate the damages alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

Any award of benefits to Plaintiff should be offset by any other earnings, benefits and/or income received by Plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, and/or benefits from the Social Security Administration or the state), and/or should be offset by any damages caused by Plaintiff to each and/or any of the Defendants, including any unjust enrichment to Plaintiff by virtue of fraud.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Attorneys Fees)**

Defendants are entitled to their attorneys' fees pursuant to 29 U.S.C. § 1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

**NINTH AFFIRMATIVE DEFENSE**

**(Conduct In Accordance With the Plan)**

Defendants and their agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan insofar as such documents and instruments were and are consistent with the provisions of ERISA.

Defendants have not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

THEREFORE, Defendants demand judgment in its favor, costs of suit, and attorney's fees, and all other proper relief.

Dated: February 21, 2008

MILLER LAW GROUP
A Professional Corporation


By: _____/S/_____
Katherine L. Kettler
Attorneys for Defendants AT&T UMBRELLA BENEFIT PLAN NO. 1., a Delaware Corporation and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois Corporation

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| ENTITY | CONNECTION TO OR INTEREST IN CASE |
|---|---|
| AT&T Umbrella Benefit Plan, No. 1 | Defendant |
| AT&T Inc. | Plan Administrator of Defendant AT&T Umbrella Benefit Plan No. 1. |
| Sedgwick Claims Management Services, Inc. | Defendant |
| Sedgwick CMS Holding, Inc. | Owner of Sedgwick Claims Management Services, Inc. |
| Fidelity Sedgwick Corporation | Owner of Sedgwick CMS Holding, Inc. |
| Fidelity Sedgwick Holding, Inc. | Part owner of Fidelity Sedgwick Corp. |

Dated:  February 21, 2008

MILLER LAW GROUP
A Professional Corporation


By:  _____/S/_____
     Katherine L. Kettler
     Attorneys for Defendants AT&T
     UMBRELLA BENEFIT PLAN NO. 1., a
     Delaware Corporation and SEDGWICK
     CLAIMS MANAGEMENT SERVICES,
     INC., an Illinois Corporation