JOHN H. ASPELIN, ESQ. (S.B. #56477)
ASPELIN & BRIDGMAN, LLP
220 Montgomery Street, Suite 1009
San Francisco, CA 94104
tel.    415 296 9812
fax    415 296 9814
Attorneys for Plaintiff
CATHE GUERRA

MICHELE BALLARD MILLER (SBN 104198)
LISA C. HAMASAKI (SBN 197628)
KATHERINE L. KETTLER (SBN 231586)
    mbm@millerlawgroup.com
    lch@millerlawgroup.com
    klk@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants AT&T UMBRELLA BENEFIT PLAN NO. 1 and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHE GUERRA, | Case No. C-07-5044CW |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| AT&T UMBRELLA PLAN NO. 1; and SEDGWICK CLAIMS MANAGEMENT SERVICES INC. An Illinois Corporation. | Date:          March 25, 2008<br>Time            2:00 p.m.<br>Courtroom:  2, 4th Floor |
| Defendants. | Complaint filed:   October 1, 2007 |

Plaintiff, CATHE GUERRA, and Defendants, AT&T UMBRELLA BENEFIT PLAN NO. 1 and SEDGWICK CLAIMS MANAGEMENT SERVICES INC. make this Joint Case Management Statement:

1

**JOINT CMC CONF. STATEMENT**

## 1. JURISIDICTION AND SERVICE

This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. in which the court's jurisdiction is based upon 29 U.S.C. § 1132(e).

All known parties have been served and/or otherwise appeared in this action.

## 2. FACTS

Plaintiff has over 33 years of employment with SBC Advanced Solutions Inc. ("ASI") and other SBC subsidiaries. As an employee of ASI, Plaintiff is a participant in a disability plan known as the AT&T Disability Income Program, a program under the AT&T Umbrella Benefit Plan No 1. Plaintiff filed a claim for short term disability benefits for the time period Feb. 10, 2006 to May 10, 2006. Sedgwick Claims Management Services, Inc. administered the claim. The claim was denied. Plaintiff timely filed an administrative appeal which was also denied. Plaintiff timely filed this action to enforce her rights under ERISA.

**Defendants' Position**:

An abuse of discretion standard applies in this case. The Plan documents unambiguously grant discretionary authority to the Plan Administrator, which has properly delegated its authority to Sedgwick, the Claims Administrator. It is well settled where the plan vests the administrator with discretionary authority to determine eligibility of benefits, the Court must review the administrator's determinations only for an abuse of discretion. *See e.g., Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993); *see also Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006). Plaintiff will also not be able to demonstrate that there is a conflict of interest warranting a heightened standard of review.

**JOINT CMC CONF. STATEMENT**

Further, the record is clear that Defendants decision to deny Plaintiff's claim under the Plan was reasonable. Defendants did not deny the claim without explanation; in stead they denied Plaintiff's application for short term disability (STD) benefits because the medical information submitted did not support her claim. Such a reasonable conclusion was consistent with the plain language of the plan and was made in good faith. As the administrative record is devoid of any evidence that Defendants abused their discretion in denying the claim and there is no evidence of a breach of fiduciary duty, Plaintiff can not prevail on her claim.

### 3.  LEGAL ISSUES

1.) What scope of review the Court should employ in deciding this case.

2.) Whether and to what extent Plaintiff has a right to discovery.

3.) Whether plaintiff is entitled to benefits under the AT&T Umbrella Plan No. 1.

4.) Whether plaintiff is entitled damages and if yes, what amount.

5.) Whether plaintiff is entitled to attorneys' fees and costs and if yes, what amount.

6.) Whether plaintiff's claim for benefits was wrongfully denied.

### 4.  MOTIONS

There are no pending motions. The parties anticipate filing motions for summary judgment on the merits of Plaintiff's claim for disability benefits. The parties are also in settlement talks.

### 5. AMENDMENT OF PLEADINGS

No amendments are currently anticipated.

## 6. PRESERVATION OF EVIDENCE

There is no current issue as to preservation of evidence.

## 7. DISCLOSURES

Both parties are cooperating with disclosures. Initial Disclosures were made in mid-February, 2008. Copies of Documents are being made and exchanged.

## 8. DISCOVERY

The parties have not commenced formal discovery because settlement discussions are proceeding. Defendants maintain that since Plaintiff seeks the Court's review of an administrative decision to deny her application for STD benefits, all facts and information are set forth in the administrative record, and as such, little or no discovery is required.

## 9. CLASS ACTION

Not applicable.

## 10. RELATED CASES

Not applicable.

## 11. RELIEF

Plaintiff seeks $27,987.09, plus prejudgment interest, attorneys' fees and costs. This was based on plaintiff's current salary at the time of the incident, multiplied by the number of weeks off work.

### 12. SETTLEMENT/ADR

The parties are in settlement discussions. Should ADR be necessary, the parties would agree to mediation or an early neutral evaluation conference.

Plaintiff would also agree to a magistrate settlement conference.

### 13. CONSENT TO MAGISTRATE

Defendants have already indicated they will not so consent.

### 14. OTHER REFERENCES

Not applicable.

### 15. NARROWING OF THE ISSUES

Not at this time.

### 16. EXPEDITED SCHEDULE

The parties intend to file motion(s) for summary judgment, which should dispose of the case.

### 17. SCHEDULING

Discovery cut off:          Sept. 30, 2008
- Defendants contend that no additional discovery is relevant because this case is limited to the review of an administrative record. However, if discovery is permitted, Defendants agree with this cut off date.

Hearing Dispositive Motions:   Nov. 30, 2008

Pretrial:          Dec. 15, 2008

Trial: If the motions for summary judgment do not resolve the case, the parties request a trial date no later than January 30, 2009

## 18. TRIAL

Because this is an ERISA case, the issues must be tried to the court. The parties will present motions for summary judgment. If for any reasons the motions are both denied, the parties estimate the length of the trial will depend on the scope of trial under ERISA.

.

## 19. NONPARTY ENTITIES

Pursuant to Civil L.R. 3-16, Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| ENTITY | CONNECTION TO OR INTEREST IN CASE |
|---|---|
| AT&T Umbrella Benefit Plan, No. 1 | Defendant |
| AT&T Inc. | Plan Administrator of Defendant AT&T Umbrella Benefit Plan No. 1. |
| Sedgwick Claims Management Services, Inc. | Defendant |
| Sedgwick CMS Holding, Inc. | Owner of Sedgwick Claims Management Services, Inc. |
| Fidelity Sedgwick Corporation | Owner of Sedgwick CMS Holding, Inc. |
| Fidelity Sedgwick Holding, Inc. | Part owner of Fidelity Sedgwick Corp. |

Dated: March 18, 2008                ASPELIN & BRIDGMAN LLP

                                     _____/S/_____
                                     JOHN H. ASPELIN
                                     Attorney for Plaintiff


Dated: March 18, 2008                MILLER LAW GROUP
                                     A Professional Corporation


                                     By: _____/S/_____
                                     Katherine L. Kettler
                                     Attorneys for Defendants AT&T UMBRELLA BENEFIT PLAN NO. 1., a Delaware Corporation and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois Corporation